■ In the Matter of ALBERT MARGARITIS et al., Respondents, v ZONING BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF FLOWER HILL et al., Respondents, and JOHN HAN, Appellant. [821 NYS2d 611]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Flower Hill, which granted John Han's application for a variance, John Han appeals from a judgment of the Supreme Court, Nassau County (Burton, J.), dated February 22, 2005, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

The appellant John Han owns the undeveloped property which is the subject of this appeal. The petitioners, Albert Margaritis and Carol Margaritis (hereinafter Margaritis), live within 200 feet of Han's property. The property has a steep slope and is located in a subdivision that was approved by the Planning Board of the Incorporated Village of Flower Hill in 1996. The subdivision was approved on condition that a 26-foot high retaining wall be constructed through the subdivision, including Han's property.

In 2003 Han applied to the Zoning Board of Appeals of the Incorporated Village of Flower Hill (hereinafter the Zoning Board) for a variance to construct a single-family home that exceeded the Village's maximum height limitation. Han also proposed to construct a 6- to 12-foot high retaining wall. After conducting hearings, the Zoning Board granted the variance in June 2004.

In July 2004 Margaritis brought an article 78 petition to annul the Zoning Board's determination, alleging that it was arbitrary and capricious and failed to comply with the State Environmental Quality Review Act. The Supreme Court, Nassau County, granted the petition, finding that the Zoning Board's determination to grant the variance was arbitrary and capricious.

In making a determination as to whether to grant an area variance, local zoning boards are required by Town Law § 267-b (3) to engage in a balancing test, "weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted" (*Matter of Ifrah v Utschig,* 98 NY2d 304, 307 [2002]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608 [2004]; *Matter of Sasso v Osgood,* 86 NY2d 374, 382-384 [1995]).

Local zoning boards have broad discretion in considering applications for area variances (*see Matter of Inlet Homes Corp. v Zoning Bd. of Appeals of Town of Hempstead,* 2 NY3d 769 [2004]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra*; *Matter of Ram v Town of Islip,* 21 AD3d 493 [2005]). A determination of a zoning board should be sustained on judicial review if it "was rational and not arbitrary and capricious" (*Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *see Matter of Halperin v City of New Rochelle,* 24 AD3d 768 [2005]).

Here, the Zoning Board failed to issue specific findings or reasons that it relied upon in making its determination to grant the variance (*cf. Matter of Necker Pottick, Fox Run Woods Bldrs.*

*Corp. v Duncan,* 251 AD2d 333, 335 [1998]). The Zoning Board did not consider whether the construction of the proposed 6- to 12-foot retaining wall would have an adverse impact on the physical or environmental conditions in the neighborhood. Nor did the Zoning Board adequately consider whether the benefits sought by Han could be achieved by some method other than a variance.

Accordingly, the Supreme Court properly granted the petition and annulled the Zoning Board's determination. Schmidt, J.P., Ritter, Santucci and Lunn, JJ., concur.