■ In the Matter of JOSEPH GROGAN, Appellant, v GERALD WRIGHT et al., Respondents. [859 NYS2d 738]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Hempstead Board of Appeals dated September 20, 2006, conditionally granting the application of the respondent Shawn G. Pobiner for a parking space variance and special permit, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Adams, J.), dated March 16, 2007, which denied the petition and dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the record demon-

strates that the Town of Hempstead Board of Appeals (hereinafter the Board) appropriately weighed the factors set forth in Town Law § 267-b (3) (b) (*see Matter of Sasso v Osgood,* 86 NY2d 374 [1995]) in considering the application by the respondent Shawn G. Pobiner, inter alia, for a parking space variance (*see Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 453 [1971]). Furthermore, the Board's determination to conditionally grant the application was amply supported by the evidence in the record and was not arbitrary and capricious (*see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *Matter of Thirty W. Park Corp. v Zoning Bd. of Appeals of City of Long Beach,* 43 AD3d 1068 [2007]; *Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn,* 31 AD3d 635 [2006]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768 [2005]). The Board did not act irrationally in considering the application under the Town of Hempstead zoning provisions applicable to business districts, and there is strong support for its determination that the granting of the application with the enumerated conditions would not be inconsistent with the character of the surrounding neighborhood or adversely affect either nearby properties or the physical or environmental conditions in the area. Moreover, neither the size of the variance nor the degree to which the applicant's difficulty may be deemed to have been self-created warranted the denial of the application (*see e.g. Matter of Beyond Bldrs. Inc. v Pigott,* 20 AD3d 474 [2005]; *Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val.,* 3 AD3d 496 [2004]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.