In the Matter of STEIERT ENTERPRISES, INC., Appellant, v CITY OF GLEN COVE, et al., Respondents. [934 NYS2d 475]—

The petitioner owns an approximately 1.2-acre parcel of real property in the City of Glen Cove, situated in an R-3A residential zoning district. For more than 60 years, a licensed and registered business, formerly known as Buchtenkirch's, operated a nonconforming nursery on the property, although a certificate of occupancy had never been issued for that use. The property was improved by several buildings, including a one-family dwelling on the northern part of the property (hereinafter the North Building). In 1971 the North Building ceased to be used as a residential dwelling, and has since been used solely in connection with the property's preexisting nonconforming use as a nursery. Prior to the petitioner's closing of title on the property, the City issued a certificate of occupancy, which recited that the North Building was restricted to use as a one-family dwelling, and that the rear of the property consisted of a commercial florist's shop on the first floor of a building, with a residential apartment above, an attached two-car garage, a detached shed, and greenhouses.

Subsequently, the petitioner submitted an application to the Zoning Board of Appeals of the City of Glen Cove (hereinafter the ZBA) requesting, inter alia, that the ZBA amend the certificate of occupancy both to recognize the preexisting, historical nonconforming use of the property as a garden center, nursery,

and wholesale grower and reflect the modern aspects of running such a business, which, according to the petitioner, should also allow the operation of a landscape maintenance and design business on the property. In addition, the petitioner applied for area variances to erect a prefabricated accessory storage building on the property. The petitioner further requested that the ZBA allow use of the North Building for commercial purposes consistent with its prior nonconforming use.

Following a hearing, the ZBA, inter alia, denied the petitioner's request to operate a landscaping design and maintenance business on the subject property, as well as the requested area variances to erect the accessory building. The ZBA also determined that the North Building could, in accordance with the petitioner's request, be used in its entirety for commercial purposes consistent with its prior nonconforming use, but that the petitioner could not introduce a mixed residential and commercial use, since mixed uses were not permitted in the R-3A residence district and the residential component of the North Building had been discontinued in 1971. The petitioner then commenced this CPLR article 78 proceeding to review the ZBA's determination. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

Local zoning boards have broad discretion, and "judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (*Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). Accordingly, " '[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure' " (*Matter of Haberman v Zoning Bd. of Appeals of Town of E. Hampton*, 85 AD3d 1170, 1171 [2011], quoting *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Ifrah v Utschig*, 98 NY2d at 308).

In determining whether to grant an area variance, a zoning board must consider "the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (General City Law § 81-b [4] [b]; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1146-1147 [2009]; *Matter of Pasceri v Gabriele*, 29 AD3d 805, 805-806 [2006]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770-771 [2005]). The zoning board should also consider "(i) whether an undesirable change will be produced in

the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (ii) whether the benefit sought by the applicant can be achieved by some method feasible for the applicant to pursue, other than an area variance; (iii) whether the requested area variance is substantial; (iv) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (v) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (General City Law § 81-b [4] [b]). In applying the statutory balancing test for granting area variances, a zoning board is "not required to justify its determination with supporting evidence with respect to each of the five factors, so long as its ultimate determination balancing the relevant considerations was rational" (*Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 929 [2007]; *see Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d at 1147).

Here, the ZBA engaged in the required balancing test and considered the relevant statutory factors. Contrary to the petitioner's contentions, the denial of its application had a rational basis and was not arbitrary and capricious. The evidence before the ZBA supported its conclusion that granting the proposed variances to erect an accessory building for commercial purposes would produce an undesirable change to the character of the neighborhood. Additionally, the ZBA rationally concluded that the requested variances were substantial in nature and that the petitioner had a feasible alternative to erecting the proposed accessory building since it owned other businesses in the vicinity that could be used for storage. The petitioner's hardship was also self-created in that the certificate of occupancy it sought to amend was issued prior to its purchase of the property. Likewise, the petitioner purchased the property subject to the zoning restriction from which it sought relief in order to erect the proposed accessory building (*see Matter of Eung Lim-Kim v Zoning Bd. of Appeals of Vil. of Irvington*, 185 AD2d 346, 347 [1992]).

Furthermore, the ZBA properly determined that the operation of a landscaping design and maintenance business on the subject property was not merely a permissible continuation of the prior nonconforming use of the property as a nursery. "Because nonconforming uses are viewed as detrimental to zoning schemes, public policy favors their reasonable restriction and eventual elimination" (*Matter of 550 Halstead Corp. v Zon-*

*ing Bd. of Appeals of Town/Vil. of Harrison*, 1 NY3d 561, 562 [2003]; *see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville*, 98 NY2d 683, 685 [2002]). "Further, in keeping with the sound public policy of eventually extinguishing all nonconforming uses, the courts will enforce a municipality's reasonable circumscription of the right to expand the volume or intensity of a prior nonconforming use" (*Matter of McDonald v Zoning Bd. of Appeals of Town of Islip*, 31 AD3d 642, 643 [2006] [internal quotation marks omitted]). Here, the ZBA rationally determined that a landscape design and maintenance business, as conceived of by the petitioner, was an impermissible expansion of the prior nonconforming use of the property and, therefore, the ZBA properly denied that portion of the petitioner's application.

Finally, the ZBA properly determined that, while the petitioner could use the North Building exclusively for commercial purposes as it had been used for many years, the petitioner could not use the North Building for mixed residential and commercial use under the applicable zoning codes, which prohibit such use (*see* Code of City of Glen Cove § 280-30 [C]; § 280-43 [F]). Contrary to the petitioner's contentions, the ZBA did not place restrictions on the use of the North Building strictly as a residence, but merely explained that, in the context of the proposed mixed use of the North Building for both commercial and residential purposes, the applicable zoning code provides that, once a nonconforming use is discontinued for one year or longer, there is no right to resume such a nonconforming use (*see* Code of City of Glen Cove § 280-30 [C]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur.