■ In the Matter of MANUEL H. QUINTANA and Another, as Executors of EDITH S. QUINTANA, Deceased, et al., Respondents-Appellants, v BOARD OF ZONING APPEALS OF INCORPORATED VILLAGE OF MUTTONTOWN, Appellant-Respondent. [992 NYS2d 332]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Muttontown dated June 10, 2012, which, after a hearing, denied the petitioners' application for a lot-depth variance, the Board of Zoning Appeals of the Incorporated Village of Muttontown appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (McCormack, J.), entered September 24, 2012, as granted that branch of the amended petition which was to annul the determination on the ground that it was arbitrary and capricious, annulled the determination, and directed it to grant the petitioner's application for a lot-depth variance, and the petitioners cross-appeal from so much of the same judgment as denied that branch of the amended petition which was to annul the determination on the ground that the proposed lot complied with the minimum lot-depth requirement.

Ordered that the judgment is affirmed, without costs or disbursements.

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). "Accordingly, on judicial review, the determination of a zoning board should be sustained if it is not illegal, has a rational basis, and is not arbitrary and

capricious" (*Matter of Pinnetti v Zoning Bd. of Appeals of Vil. of Mount Kisco*, 101 AD3d 1124, 1125-1126 [2012]; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]).

In determining whether to grant an area variance, a zoning board of appeals is required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Village Law § 7-712-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612; *Matter of Pinnetti v Zoning Bd. of Appeals of Vil. of Mount Kisco*, 101 AD3d at 1126; *Matter of Jonas v Stackler*, 95 AD3d 1325, 1327 [2012]). A zoning board must also consider "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b [3] [b]).

Here, although there was some support in the record for the conclusions of the Board of Zoning Appeals of the Incorporated Village of Muttontown (hereinafter the Board) that the petitioners' difficulty was self-created, and that the requested lot-depth variance was substantial, there was no evidence that granting the variance would produce an undesirable change in the character of the neighborhood, adversely impact on physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (*see* Village Law § 7-712-b [3] [b]; *Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d 508, 510 [2012]; *Matter of Schumacher v Town of E. Hampton, N.Y. Zoning Bd. of Appeals*, 46 AD3d 691, 693 [2007]; *Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val.*, 3 AD3d 496, 497 [2004]). Additionally, the determination was irrational, as it rested largely on subjective considerations of general community opposition (*see Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62 [2009]). Moreover, the Board's conclusions that the benefit sought could be achieved by a feasible alternative method did

not have a rational basis in the record. Accordingly, the Supreme Court properly annulled the determination on the ground that it was arbitrary and capricious and directed the Board to grant the application for a lot-depth variance.

The petitioners' contention that a lot-depth variance was not required is without merit. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.