■ In the Matter of L & M GRAZIOSE, LLP, Respondent, v CITY OF GLEN COVE ZONING BOARD OF APPEALS, Appellant. [7 NYS3d 344]—

In a proceeding pursuant to CPLR article 78 to review a determination of the City of Glen Cove Zoning Board of Appeals dated September 20, 2012, which, after a hearing, denied the petitioner's application for area variances, the City of Glen Cove Zoning Board of Appeals appeals from a judgment of the Supreme Court, Nassau County (J. Murphy, J.), dated September 12, 2013, which granted the petition, annulled the determination, and remitted the matter to the City of Glen Cove Zoning Board of Appeals for the issuance of the appropriate variances.

Ordered that the judgment is affirmed, without costs.

Local zoning boards have broad discretion in considering applications for area variances (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 67 [2009]), and judicial review is limited to determining whether " 'the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure' " (*Matter of Haberman v Zoning Bd. of Appeals of Town of E. Hampton*, 85 AD3d 1170, 1170 [2011], quoting *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Chynn v DeChance*, 110 AD3d 993 [2013]).

In determining whether to grant an area variance, a zoning board must consider "the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (General City Law § 81-b [4] [b]; *see Matter of Steiert Enters., Inc. v City of Glen Cove,*, 90 AD3d 764, 766 [2011]; *Matter of Cacsire v City of White Plains Zoning Bd. of Appeals*, 87 AD3d 1135, 1137 [2011]; *Matter of Margaritis v Zoning Bd. of Appeals of Inc. Vil. of Flower Hill*, 32 AD3d 855, 856 [2006]). The zoning board should also consider "(i) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (ii) whether the benefit sought by the applicant can be achieved by some method feasible for the applicant to pursue, other than an area variance; (iii) whether the requested area variance is substantial; (iv) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (v) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (General City Law § 81-b [4] [b]). In applying the statutory balancing test for granting area variances, a zoning board is "not required to justify its determination with supporting evidence with respect to each of the five factors, so long as its ultimate determination balancing the relevant considerations was rational" (*see Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 929 [2007]; *see Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1147 [2009]).

Here, the City of Glen Cove Zoning Board of Appeals (hereinafter the ZBA) rationally concluded that the requested vari-

ances were substantial (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 614). However, there was no evidence before the ZBA to show that the granting of the variances would have an undesirable effect on the character of the neighborhood, adversely impact physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (*see Matter of Cacsire v City of White Plains Zoning Bd. of Appeals*, 87 AD3d at 1137; *Matter of Campbell v Town of Mount Pleasant Zoning Bd. of Appeals*, 84 AD3d 1230, 1231 [2011]; *Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 38 AD3d 545, 547 [2007]). As the Supreme Court noted, similar variance requests were granted for properties in very close proximity to the subject property, and the ZBA's past pronouncements confirm that the character of the neighborhood would not be negatively affected by the granting of the variances. Therefore, the ZBA's determination lacked a rational basis.

Accordingly, under the circumstances presented here, the Supreme Court properly concluded that the ZBA's determination denying the petitioner's application for area variances was irrational, and arbitrary and capricious. Mastro, J.P., Dillon, Hall and Miller, JJ., concur.