In the Matter of MONA GOODMAN et al., Appellants, v CITY OF LONG BEACH et al., Respondents. [10 NYS3d 302]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach dated December 27, 2012, which, after a hearing, granted the application of BK at Long Beach, LLC, for area variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Iannacci, J.), entered June 25, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In September 2012, BK at Long Beach, LLC (hereinafter BK), applied to the Zoning Board of Appeals of the City of Long Beach (hereinafter the ZBA), for area variances which would permit it to build a mixed-use residential and commercial building on its property. After a hearing, the ZBA granted BK's application. The petitioners, who had opposed the application, commenced this CPLR article 78 proceeding seeking review of the determination. The Supreme Court denied the petition and dismissed the proceeding.

" 'Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion' " (*Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d 508, 509 [2012], quoting *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770-771 [2005]). "Therefore, a zoning board's determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary and capricious" (*Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip*, 110 AD3d 876, 877 [2013]; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Chynn v DeChance*, 110 AD3d 993, 993-994 [2013]).

In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test

weighing "the benefit to the applicant if the variance is granted . . . against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (General City Law § 81-b [4] [b]; *see Matter of Colin Realty Co., LLC v Town of N. Hempstead*, 24 NY3d 96, 103 [2014]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608-612 [2004]; *Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach*, 79 AD3d 874, 876 [2010]; *see also* Town Law § 267-b [3]). The zoning board must also consider: "(i) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (ii) whether the benefit sought by the applicant can be achieved by some method feasible for the applicant to pursue, other than an area variance; (iii) whether the requested area variance is substantial; (iv) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (v) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (General City Law § 81-b [4] [b]; *see Matter of Steiert Enters., Inc. v City of Glen Cove*, 90 AD3d 764, 766-767 [2011]; *Matter of Monroe Beach, Inc. v Zoning Bd. of Appeals of City of Long Beach, N.Y.*, 71 AD3d 1150, 1150-1151 [2010]).

Here, the ZBA engaged in the required balancing test and considered the relevant statutory factors (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 614; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 78 [2009]; *see also Matter of Steiert Enters., Inc. v City of Glen Cove*, 90 AD3d at 767). Contrary to the petitioners' contentions, the grant of the application had a rational basis and was not arbitrary and capricious, even though the proposed variances were substantial and the applicant's alleged difficulty was self-created. The evidence before the ZBA supported its findings that the proposed construction would not produce an undesirable change in the character of the neighborhood, have an adverse impact on the physical or environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (*see Matter of Grogan v Wright*, 52 AD3d 601, 602 [2008]; *see also Matter of Quintana v Board of Zoning Appeals of Inc. Vil. of Muttontown*, 120 AD3d 1248, 1249 [2014]). Moreover, the ZBA rationally concluded that the benefit sought by BK could not be achieved by a feasible alternative method which would not require an area variance (*see Matter of*

*Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 930 [2007]).

The petitioners' remaining contention is without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.