In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Southampton dated April 3, 2014, which, after a hearing, granted the application of 34 Cove, LLC, for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Garguilo, J.), dated November 10, 2014, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
On December 11, 2013, 34 Cove, LLC (hereinafter 34 Cove), applied to the Zoning Board of Appeals of the Town of Southampton (hereinafter the Zoning Board), for area variances which would permit it to build a tennis court in the front yard of its nonconforming lot. After a hearing, the Zoning Board granted 34 Cove’s application. The petitioner, who opposed the application, commenced this CPLR article 78 proceeding seeking review of the determination granting the application. The Supreme Court denied the petition and dismissed the proceeding.
“ ‘Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion’ ” (Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509 [2012], quoting Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949, 949 [2010]). “Thus, the determination of a zoning board should be sustained upon judicial review if it is not illegal, has a rational basis, and is not arbitrary and capricious” (Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d at 949; see Matter of *1025 Sasso v Osgood, 86 NY2d 374, 384 [1995]). “ Tt matters not whether, in close cases, a court would have, or should have, decided the matter differently. The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them’ ” (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004], quoting Matter of Cowan v Kern, 41 NY2d 591, 599 [1977]).
In determining whether to grant an application for an area variance, a zoning board is required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (see Town Law § 267-b [3] [b]; see also Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612; Matter of Ifrah v Utschig, 98 NY2d 304, 307-308 [2002])
Here, the Zoning Board engaged in the required balancing test and considered the relevant statutory factors (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 614; Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 78 [2009]). While we agree with the petitioner that the proposed variances were substantial (see Matter of Bull Run Props., LLC v Town of Cornwall Zoning Bd. of Appeals, 50 AD3d 683 [2008]; Matter of Cortland LLC v Zoning Bd. of Appeals of Vil. of Roslyn Estates, 21 AD3d 371 [2005]; Matter of McGlasson Realty v Town of Patterson Bd. of Appeals, 234 AD2d 462, 463 [1996]), and that the alleged difficulty was self-created (see Matter of Ifrah v Utschig, 98 NY2d at 309; Matter of Padwee v Bronnes, 242 AD2d 334, 335 [1997]), there was no evidence that the granting of the variance would produce an undesirable change in the character of the neighborhood, have an adverse effect on physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (see Matter of Goodman v City of Long Beach, 128 AD3d 1064, 1065 [2015]; Matter of L & M Graziose, LLP v City of Glen Cove Zoning Bd. of Appeals, 127 AD3d 863 [2015]; Matter of Quintana v Board of Zoning Appeals of Inc. Vil. of Muttontown, 120 AD3d 1248 [2014]; Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d at 509). Moreover, the Zoning Board rationally concluded that the benefit sought by 34 Cove, namely, to maximize its use of the proposed tennis court, could not be achieved by the alternative site proposed by the petitioner (see Matter of Rosasco v Village of Head of Harbor, 52 AD3d 611 [2008]; Matter of Baker v Brownlie, 248 AD2d 527 [1998]).
*1026 Contrary to the petitioner’s contention, the Zoning Board had the authority, pursuant to section 330-76 (c) of the Code of the Town of Southampton, to grant a variance to permit construction of the tennis court on a nonconforming lot without a principal structure (see Matter of Real Holding Corp. v Lehigh, 2 NY3d 297 [2004]; Matter of Friends of the Shawangunks, Inc. v Zoning Bd. of Appeals of Town of Gardiner, 56 AD3d 883, 885 [2008]).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P, Cohen, Maltese and Barros, JJ., concur.