■ In the Matter of Joseph D. Conway et al., Appellants, v Arlene Van Loan, Chairperson, et al., Respondents. [58 NYS3d 598]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Oyster Bay Zoning Board of Appeals, dated November 6, 2014, which, after a hearing, denied the petitioners' applications for area variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Feinman, J.), entered August 17, 2015, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners commenced this CPLR article 78 proceeding

contending that the determination of the Town of Oyster Bay Zoning Board of Appeals (hereinafter the ZBA) to deny their applications for area variances lacked a rational basis, and was arbitrary and capricious. The Supreme Court denied the petition and dismissed the proceeding, holding that the ZBA had balanced and weighed the statutory factors enumerated in Town Law § 267-b (3) (b), and that its determination to deny the requested variances had a rational basis and was not arbitrary or capricious. The petitioners appeal.

" 'Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion' " (*Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d 508, 509 [2012], quoting *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]). "Where a rational basis for the determination exists, 'a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record' " (*Matter of Roberts v Wright*, 70 AD3d 1041, 1042 [2010], quoting *Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196 [2002]). Thus, "[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]).

In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood*, 86 NY2d 374 [1995]). The zoning board must also consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties if the area variance is granted, (2) the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than an area variance, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on physical or environmental conditions in the neighborhood if it is granted, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; *Matter of Ifrah v Utschig*, 98 NY2d 304 [2002]).

Here, the ZBA engaged in the requisite balancing test and considered the five statutory factors (*see* Town Law § 267-b [3]

[b]). The record reveals that the ZBA's conclusion that the detriment to the surrounding neighborhood posed by granting the requested variances outweighed the benefit to the petitioners had a rational basis and was not arbitrary or capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608 [2004]; *Matter of Sasso v Osgood*, 86 NY2d 374 [1995]; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62 [2009]; *Matter of Allstate Props., LLC v Board of Zoning Appeals of Vil. of Hempstead*, 49 AD3d 636 [2008]). The ZBA also rationally concluded that the requested variances were substantial in nature, that the petitioners had feasible alternatives which did not require variances, and that the requested variances would cause an undesirable change in the character of the neighborhood.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.