Matter of Sclafani v Rodgers (2018 NY Slip Op 03686)





Matter of Sclafani v Rodgers


2018 NY Slip Op 03686


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-12294
 (Index No. 11661/15)

[*1]In the Matter of Peter Sclafani, et al., appellants,
v
Michael Rodgers, et al., respondents.


John R. DiCioccio, Esq., P.C., West Bay Shore, NY, for appellants.
Christopher Modelewski, P.C., Huntington, NY, for respondents Michael Rodgers and Nancy Rodgers.
Gathman & Bennett LLP, Huntington, NY (J. Edward Gathman, Jr., of counsel), for respondents Village of Northport Board of Zoning Appeals and Village of Northport.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated November 2, 2015. The judgment denied a petition to review a determination of the Zoning Board of Appeals of the Village of Northport dated June 9, 2015, which, after a rehearing, granted the application of Michael Rodgers and Nancy Rodgers for area variances upon certain conditions and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs.
In October 2014, Michael Rodgers and Nancy Rodgers applied to the Zoning Board of Appeals of the Village of Northport (hereinafter the Board) for area variances that would allow them to demolish an existing one-story dwelling on their property and replace it with a two-story dwelling. On December 17, 2014, after a hearing, the Board granted the application. The Board subsequently reopened the matter (see Village Law § 7-712-a[12]) after the petitioners, who own property adjacent to the subject property and opposed the application, commenced a CPLR article 78 proceeding to review the determination granting the application. On June 9, 2015, after a rehearing, the Board granted the application with certain conditions. Thereafter, the petitioners commenced this CPLR article 78 proceeding to review the June 9, 2015, determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
Local zoning boards have broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308; Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67; Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead, 65 AD3d 1144, 1147). Where, as here, a zoning board's determination is made after a public hearing, its determination should be upheld if it has a rational basis and is supported by evidence in the record (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2).
In determining whether to grant an area variance, a zoning board of appeals is required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (see Village Law § 7-712-b[3][b]; Matter of Conway v Van Loan, 152 AD3d 768, 769; Matter of Nataro v DeChance, 149 AD3d 1081, 1082). In making that determination, the zoning board must consider "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b[3][b]; see Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103; Matter of Wambold v Village of Southampton Zoning Bd. of Appeals, 140 AD3d 891, 892-893; Matter of Kaufman v Incorporated Vil. of Kings Point, 52 AD3d 604, 608).
Here, the Board engaged in the required balancing test and considered the relevant statutory factors (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608; Matter of Goodman v City of Long Beach, 128 AD3d 1064, 1065). While the proposed variances were substantial and the alleged difficulty was self-created, there was no evidence that granting the variances would have an undesirable effect on the character of the neighborhood, adversely impact physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (see Matter of Quintana v Board of Zoning Appeals of Inc. Vil. of Muttontown, 120 AD3d 1248, 1249; Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 510). Moreover, the conditions imposed by the Board protected the neighboring properties from the potential adverse effects of granting the variances (see Matter of Bonefish Grill, LLC v Zoning Bd. of Appeals of the Vil. of Rockville Ctr., 153 AD3d 1394, 1397; Matter of Rendely v Town of Huntington, 44 AD3d 864, 866).
The petitioners' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court