Matter of deBordenave v Village of Tuxedo Park Bd. of Zoning Appeals (2019 NY Slip Op 00272)





Matter of deBordenave v Village of Tuxedo Park Bd. of Zoning Appeals


2019 NY Slip Op 00272


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-00302
 (Index No. 9169/15)

[*1]In the Matter of Whitney deBordenave, appellant,
v
Village of Tuxedo Park Board of Zoning Appeals, et al., respondents.


Blustein, Shapiro, Rich & Barone, LLP, Goshen, NY (Jay R. Myrow of counsel), for appellant.
Dickover, Donnelly & Donovan, LLP, Goshen, NY (Michael H. Donnelly of counsel), for respondent Village of Tuxedo Park Board of Zoning Appeals.
Burke, Miele, Golden & Naughton, LLP, Goshen, NY (Ashley N. Torre of counsel), for respondents Tamer El-Rayess and Amra Sabic-El-Rayess.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Tuxedo Park Board of Zoning Appeals dated October 22, 2015, which, after a hearing, granted the application of Tamer El-Rayess for area variances, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Gretchen Walsh, J.), dated November 16, 2016. The order and judgment, insofar as appealed from, denied the amended petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs payable to the respondents appearing separately and filing separate briefs.
In August 2013, Tamer El-Rayess applied to the Village of Tuxedo Park Board of Zoning Appeals (hereinafter the BZA) for area variances, including height and location variances, for a stone wall previously built on his property along a roadway. During a public hearing on September 25, 2014, El-Rayess agreed to apply for an additional "line of sight" variance. After a public hearing on October 22, 2015, the BZA granted El-Rayess's application. The petitioner, who opposed the application, commenced this CPLR article 78 proceeding to review the BZA's determination. The Supreme Court denied the amended petition and dismissed the proceeding. The petitioner appeals.
Local zoning boards have broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308; Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67; Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead, 65 AD3d 1144, 1147). Where, as here, a zoning board's determination is made after a public hearing, its determination should be upheld if it has a rational basis and is supported by evidence in the record (see Matter of Pecoraro [*2]v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2).
In determining whether to grant an area variance, a zoning board of appeals is required to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (see Village Law § 7-712-b[3][b]; Matter of Conway v Van Loan, 152 AD3d 768, 769; Matter of Nataro v DeChance, 149 AD3d 1081, 1082). In making that determination, the zoning board must consider "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b[3][b]; see Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103; Matter of Wambold v Village of Southampton Zoning Bd. of Appeals, 140 AD3d 891, 892-893; Matter of Kaufman v Incorporated Vil. of Kings Point, 52 AD3d 604, 608).
Here, the BZA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608; Matter of Goodman v City of Long Beach, 128 AD3d 1064, 1065). While the alleged difficulty was partly self-created, there was no evidence that granting the variances would have an undesirable effect on the character of the neighborhood, adversely impact physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (see Matter of Quintana v Board of Zoning Appeals of Inc. Vil. of Muttontown, 120 AD3d 1248, 1249; Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 510).
The petitioner's contention that the BZA did not acquire jurisdiction over the "line of sight" variance because El-Rayess did not formally apply for such a variance is without merit, as the BZA's rules of procedure are not jurisdictional in the sense that the petitioner seeks to use that term (see Matter of Gaona v Town of Huntington Zoning Bd. of Appeals, 106 AD2d 638, 640). Furthermore, we reject the petitioner's contention that the notice of hearing was insufficient to apprise the public of the "line of sight" variance. As the Supreme Court correctly found, the published notice of hearing referenced section 100-18 of the Code of the Village of Tuxedo Park, which was sufficient to fairly apprise the average interested citizen, including the petitioner, that the "line of sight" variance was being sought.
Accordingly, we agree with the Supreme Court's determination to deny the amended petition and dismiss the proceeding.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court