Matter of Mengisopolous v Board of Zoning Appeals of the City of Glen Cove (2019 NY Slip Op 00440)





Matter of Mengisopolous v Board of Zoning Appeals of the City of Glen Cove


2019 NY Slip Op 00440


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2016-09327
 (Index No. 1427/16)

[*1]In the Matter of Osia Mengisopolous, respondent,
v
Board of Zoning Appeals of the City of Glen Cove, appellant.


Chase, Rathkopf & Chase, LLP, Glen Cove, NY (Daren A. Rathkopf of counsel), for appellant.
Sahn Ward Coschignano, PLLC, Uniondale, NY (Christian Browne and Nicholas Cappadora of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to annul a determination of the Board of Zoning Appeals of the City of Glen Cove dated January 27, 2016, which, after a hearing, denied the petitioner's application for area variances, the Board of Zoning Appeals of the City of Glen Cove appeals from a judgment of the Supreme Court, Nassau County (George R. Peck, J.), dated August 3, 2016. The judgment granted the petition, annulled the determination, and remitted the matter to the Board of Zoning Appeals of the City of Glen Cove for reconsideration of the petitioner's application for area variances.
ORDERED that the judgment is affirmed, with costs.
The petitioner lives in the City of Glen Cove in the R-4 zoning district, a neighborhood zoned for one-family and two-family residences (see Code of the City of Glen Cove § 280-59[A]). Most of the houses in the neighborhood, including the petitioner's house, were built before the enactment of the Code of the City of Glen Cove in 1920 and are located on lots that do not comply with the current zoning laws. The petitioner applied for five area variances to convert her one-family home into a two-family home. After a hearing, in a determination dated January 27, 2016, the Board of Zoning Appeals of the City of Glen Cove (hereinafter the Board) denied the application. The petitioner commenced this proceeding pursuant to CPLR article 78 to annul the Board's determination. The Supreme Court granted the petition, annulled the determination, and remitted the matter to the Board for reconsideration of the petitioner's application for area variances. The Board appeals.
In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing "the benefit to the applicant if the variance is granted . . . against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (General City Law § 81-b[4][b]; see Town Law § 267-b[3][b]; Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612; Matter of Steiert Enters., Inc. v City of Glen Cove, 90 AD3d 764, 766; Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach, 79 AD3d 874, 876). The [*2]zoning board must also consider: "(i) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (ii) whether the benefit sought by the applicant can be achieved by some method feasible for the applicant to pursue, other than an area variance; (iii) whether the requested area variance is substantial; (iv) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (v) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (General City Law § 81-b[4][b]; see Town Law § 267-b[3][b]; Matter of Steiert Enters., Inc. v City of Glen Cove, 90 AD3d at 766-767; Matter of Monroe Beach, Inc. v Zoning Bd. of Appeals of City of Long Beach, N.Y., 71 AD3d 1150, 1150-1151).
We agree with the Supreme Court that, although the Board engaged in the required balancing test, the Board failed to meaningfully consider the relevant statutory factors. While the proposed variances were clearly substantial and the alleged difficulty was self-created, the Board's failure to cite to particular evidence as to whether granting the variances would have an undesirable effect on the character of the neighborhood, adversely impact physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community requires reconsideration of the application, weighing all of these factors (see e.g. Matter of Sclafani v Rodgers, 161 AD3d 1084, 1086; Matter of Quintana v Board of Zoning Appeals of Inc. Vil. of Muttontown, 120 AD3d 1248, 1249).
Accordingly, we agree with the Supreme Court's determination granting the petition, annulling the Board's determination, and remitting the matter to the Board for reconsideration of the petitioner's application.
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court