Matter of Route 17K Real Estate, LLC v Zoning Bd. of Appeals of the Town of Newburgh (2019 NY Slip Op 00605)





Matter of Route 17K Real Estate, LLC v Zoning Bd. of Appeals of the Town of Newburgh


2019 NY Slip Op 00605


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
RUTH C. BALKIN
LINDA CHRISTOPHER, JJ.


2017-04647
 (Index No. 8470/16)

[*1]In the Matter of Route 17K Real Estate, LLC, et al., appellants, 
v
Zoning Board of Appeals of the Town of Newburgh, et al., respondents.


Charles T. Bazydlo, P.C., Thompson Ridge, NY, for appellants.
Dickover, Donnelly & Donovan, LLP, Goshen, NY (David A. Donovan of counsel), for respondent Zoning Board of Appeals of the Town of Newburgh.
Drake Loeb PLLC, New Windsor, NY (Stephen J. Gaba of counsel), for respondents RAM Hotels, Inc., and Newburgh Auto Park, LLC.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Newburgh dated October 27, 2016, inter alia, granting the application of RAM Hotels, Inc., for area variances, the petitioners appeal from a judgment of the Supreme Court, Orange County (Elaine Slobod, J.), dated March 24, 2017. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
This proceeding arises out of a plan by Newburgh Auto Park, LLC (hereinafter NAP), the owner of a parcel of real property in the Town of Newburgh, to sell the property to RAM Hotels, Inc. (hereinafter RAM), which intended to build a hotel on it. After RAM's application for permission to construct a hotel was denied by the Town of Newburgh's Code Compliance Department in August 2016, RAM applied to the Zoning Board of Appeals of the Town of Newburgh (hereinafter the ZBA) for area variances. After holding a hearing, which extended over several days, on RAM's application, the ZBA granted the application over the petitioners' opposition. The ZBA also treated the matter as an "unlisted" action under the State Environmental Quality Review Act (hereinafter SEQRA), and issued a negative declaration. The petitioners then commenced this proceeding pursuant to CPLR article 78 to annul the ZBA's determination. The petitioners contended that, among other things, the ZBA erroneously characterized RAM's application as one for an area variance, when the application should have been treated, at least in part, as an application for a use variance. The petitioners also contended that the ZBA violated SEQRA. The Supreme Court, in effect, denied the petition and dismissed the proceeding, and the petitioners appeal.
Contrary to the petitioners' contention, the ZBA properly treated RAM's application as entirely for area variances rather than, in part, for a use variance. Pursuant to Town Law § [*2]267(1)(b), an area variance is defined as the "authorization by the zoning board of appeals for the use of land in a manner which is not allowed by the dimensional or physical requirements of the applicable zoning regulations" (emphasis added). One aspect of RAM's request for a variance related to a provision of the Town's Zoning Law which required that a hotel have its "principal frontage" on a state or county highway (see Town of Newburgh Town Code § 185-27[c][1]). We agree with the ZBA and the Supreme Court that the "principal frontage" requirement is a "physical requirement," rather than a use restriction, and that RAM's application is thus properly regarded as one for an area variance. We note that the other aspect of RAM's application for an area variance related to the height of the roof of the proposed hotel, and there is no dispute that that aspect of RAM's application was properly categorized as a request for an area variance.
A local zoning board has broad discretion in rendering a determination on matters within its jurisdiction, and judicial review is limited to determining whether the action taken by the board was rational and not illegal, arbitrary and capricious, or an abuse of discretion (see Matter of 278, LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 159 AD3d 891, 892; Matter of Beekman Delamater Props., LLC v Village of Rhinebeck Zoning Bd. of Appeals, 150 AD3d 1099; Matter of Olson v Scheyer, 67 AD3d 914). Where a rational basis for the determination exists, a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record (see Matter of Conway v Van Loan, 152 AD3d 768; Matter of Roberts v Wright, 70 AD3d 1041). In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (see Matter of Ifrah v Utschig, 98 NY2d 304, 307; Matter of Sasso v Osgood, 86 NY2d 374, 384; Matter of Conway v Van Loan, 152 AD3d at 769). Town Law § 267-b(3)(b) provides that in making its determination, the zoning board shall take into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety, and welfare of the neighborhood or community by such grant. In making such determination the board shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance. In applying the balancing test set forth in Town Law § 267-b(3)(b), a zoning board need not justify its determination with supporting evidence with respect to each of the five statutory factors as long as its ultimate determination balancing the relevant considerations is rational (see Matter of Harris v Zoning Bd. of Appeals of Town of Carmel, 137 AD3d 1130, 1131; Matter of Petikas v Baranello, 78 AD3d 713, 714).
We agree with the Supreme Court that the record shows that the ZBA properly considered all of the factors set forth in Town Law § 267-b(3)(b), and its determination to grant the variances was rational, and not illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Goodman v City of Long Beach, 128 AD3d 1064, 1065).
Furthermore, the petitioners' contention that the ZBA's decision to issue a negative declaration was in violation of SEQRA is without merit. The record shows that the ZBA filed the required short Environmental Assessment Form (see 6 NYCRR 617.6[a][1][iv]; [3]). Furthermore, in its decision, the ZBA identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination (see Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d 416, 430; Matter of Friends of the Shawangunks, Inc. v Zoning Bd. of Appeals of Town of Gardiner, 56 AD3d 883; Matter of West Beekmantown Neighborhood Assn., Inc. v Zoning Bd. of Appeals of Town of Beekmantown, 53 AD3d 954. 956).
Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
SCHEINKMAN, P.J., DILLON, BALKIN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court