In the Matter of JEROME GREENFIELD et al., Respondents-Appellants, v BOARD OF APPEALS OF THE VILLAGE OF MASSAPEQUA PARK, Appellant-Respondent. [800 NYS2d 728]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Village of Massapequa Park dated March 28, 2003, which, after a hearing, denied the petitioners' application for an area variance, the Board of Appeals of the Village of Massapequa Park appeals from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered August 22, 2003, which annulled the determination and remitted the matter to it for reconsideration of the petitioners' application and for detailed findings of fact in support of its determination, and the petitioners cross-appeal from so much of the same judgment as remitted the matter to the Board of Appeals of the Village of Massapequa Park for reconsideration of their application.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from, on the law, without costs or disbursements, and the matter is remitted to the Board of Appeals of the Village of Massapequa Park for the issuance of the requested area variance forthwith.

It is well settled that "[a] determination of a zoning board should be sustained [up]on judicial review if it has a rational basis and is supported by substantial evidence" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]; *see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood,* 86 NY2d 374, 384 n 2 [1995]).

The Supreme Court properly annulled the determination of the Board of Appeals of the Village of Massapequa Park (hereinafter the Board) denying the petitioners' application for an area variance. While scientific or expert testimony is not required in every case to support a zoning board's determination, the zoning board may not base its determination solely upon generalized community objections (*see Matter of Twin County Recycling Corp. v Yevoli,* 90 NY2d 1000 [1997]; *Matter of Holbrook Assoc. Dev. Co. v McGowan,* 261 AD2d 620, 621-622 [1999]; *Matter of Chernick v McGowan,* 238 AD2d 586, 587 [1997]; *Matter of Gordon & Jack v Peterson,* 230 AD2d 856, 857 [1996]; *Matter of Framike Realty Corp. v Hinck,* 220 AD2d 501, 502 [1995]; *Matter of Huntington Health Care Partnership v Zoning Bd. of Appeals of Town of Huntington,* 131 AD2d 481, 481-482 [1987]). Here, the record reveals that the Board improperly relied upon community pressure in making its determination. The complaints of two neighbors, as well as the Board's findings, were uncorroborated by any empirical data or expert testimony, and therefore were insufficient to counter the expert testimony presented by the petitioners. Thus, the Board's determination is not supported by substantial evidence.

Since the Board's determination is not supported by substantial evidence, the matter must be remitted to the Board for issuance of the variance (*see Matter of Kreye v Bordino,* 302 AD2d 465 [2003]; *Matter of Bianco Homes II v Weiler,* 295 AD2d 506 [2002]).

The Board's remaining contention is without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.