In the Matter of SIM MOY et al., Respondents, v BOARD OF TOWN TRUSTEES OF TOWN OF SOUTHOLD, Appellant. [877 NYS2d 186]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Town Trustees of the Town of Southold dated November 15, 2006 denying the petitioners' application for a wetlands permit, the Board of Town Trustees of the Town of Southold appeals from a judgment of the Supreme Court, Suffolk County (Rebolini, J.), dated March 26, 2008, which, upon an order of the same court dated December 27,

2007, granted the petition, annulled the determination, and remitted the matter to the Board of Town Trustees of the Town of Southold for the issuance of the requested permit with appropriate conditions.

Ordered that the judgment is affirmed, without costs or disbursements.

Initially, we note that the substantial evidence standard of review does not apply to the administrative determination at issue here, since it was made after informational public hearings, as opposed to a quasi-judicial evidentiary hearing (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757-758 [1991]; *Matter of Zupa v Board of Trustees of Town of Southold*, 54 AD3d 957 [2008]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2005]). Thus, the question before us is whether the determination was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, or was irrational (*see* CPLR 7803 [3]; *Matter of Zupa v Board of Trustees of Town of Southold*, 54 AD3d at 957; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2005]).

Contrary to the Supreme Court's determination, the Board of Town Trustees of the Town of Southold (hereinafter the Board) acted within its discretion in hiring an outside consultant and requiring the petitioners to pay the consultant's fee. Under Town of Southold Code § 275-7 (D), the Board has the discretion to hire an outside consultant and require the applicant to pay the consultant's fee when the Board determines that the "complexity of the activity, the difficulty in determining the threat to the resource areas or the size of the request or project involves and requires more information and analysis than can reasonably be supplied to the Board without independent technical professional assistance." Here, not only did the Board state at a public hearing that the application was complicated, but the petitioners' expert acknowledged that the proposal presented "a difficult application" for the Board.

Although the Supreme Court incorrectly concluded that the Board improperly engaged the outside consultant and required the petitioners to pay its fee, the Supreme Court properly annulled the Board's determination. In reaching its determination, the Board relied, inter alia, on the recommendation of a local waterfront revitalization program (hereinafter LWRP) coordinator, whose recommendation to the Board pursuant to Town of Southold Code § 268-5 (D) stated that the application was inconsistent with the LWRP. However, the Board determined that the LWRP coordinator was not qualified to perform the review required following a previous submission of the LWRP

coordinator's prior recommendation, in which he determined that the application was consistent with the LWRP subject to certain conditions. Therefore, the Board's reliance on the LWRP coordinator's subsequent recommendation was misplaced. Additionally, the LWRP coordinator's subsequent recommendation failed to comply with the requirements set forth in Town of Southold Code § 268-5 (D).

The Board's reliance on the reports of the outside consultant and the Suffolk County Department of Health Services also was misplaced. The Board properly noted that when conflicting expert reports are submitted, "deference must be given to the discretion and commonsense judgments of the board" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196 [2002]). However, here, the outside consultant did not opine that the sanitary system would adversely impact the environment (*see generally* Town of Southold Code § 275-12 [trustees may grant permit if they determine that the operations will not substantially, inter alia, adversely affect the wetlands of the Town, its wildlife, or the health, safety, and welfare of the people of the Town]), but stated that it did not know what the impact would be. The outside consultant suggested that the petitioners' proposed sanitary system should be differently situated. In response, the petitioners' expert modified the sanitary system's design, a fact that the Board did not acknowledge in its determination. The petitioners' expert also provided several bases for his determination that any environmental impact would be de minimis. Like the outside consultant's report, the report of the Suffolk County Department of Health Services did not state that the proposal would have a substantial adverse impact on the environment. The Board also relied on the Southold Town Conservation Advisory Council's recommendation that the petitioners' application be disapproved. However, that four-sentence recommendation consisted solely of vague "concerns," and was devoid of scientific data or analysis. Therefore, it was insufficient to counter the petitioners' expert's report and testimony (*cf. Matter of Greenfield v Board of Appeals of Vil. of Massapequa Park*, 21 AD3d 556, 557 [2005]; *Matter of 450 Sunrise Highway v Town of Oyster Bay*, 287 AD2d 714 [2001]). The record reflects that, instead of considering the petitioners' expert's analysis on the merits, the Board improperly succumbed to community pressure to deny the petitioners' application (*see Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson*, 5 NY3d 236, 240 [2005]; *Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000, 1002 [1997]; *Matter of Schumacher v Town of E. Hampton, N.Y. Zoning Bd. of Appeals*, 46 AD3d 691, 693; *Matter*

*of Greenfield v Board of Appeals of Vil. of Massapequa Park*, 21 AD3d at 557). Accordingly, the Board's determination was properly annulled.

The parties' remaining contentions are without merit. Santucci, J.P., Florio, Covello and Dickerson, JJ., concur.