■ In the Matter of MONTE CARLO 1, LLC, Respondent-Appellant, v DAVID P. WEISS et al., Appellants-Respondents. [38 NYS3d 228]—

In a proceeding pursuant to CPLR article 78 to review a

determination of the Board of Appeals of the Town of Hempstead dated July 22, 2013, which, after a hearing, denied the petitioner's applications to renew use and area variances previously granted in 2007, and for additional use and area variances, David P. Weiss, Katuria D'Amato, John F. Ragano, Frank A. Mistero, Joseph F. Pellegrini, and Kimberly A. Perry appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Mahon, J.), entered March 2, 2015, as granted those branches of the petition which were to annul so much of the determination as denied the petitioner's applications to renew use and area variances previously granted in 2007, and the petitioner cross-appeals from so much of the same judgment as denied those branches of the petition which were to annul so much of the determination as denied its applications for additional use and area variances.

Ordered that the judgment is reversed insofar as appealed from, on the law, and those branches of the petition which were to annul so much of the determination as denied the petitioner's applications to renew use and area variances previously granted in 2007 are denied; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents.

The petitioner is the owner of a two-story brick building with accessory parking located in East Meadow. When originally constructed in 1962, the building comprised three offices on the first floor and five residential apartments on the second floor. The building is located in a business district. In 2006, the petitioner applied for a use variance to convert two of the offices on the first floor into three residential apartments, and for an area variance in relation to the off-street parking requirements. By decisions dated July 19, 2007, the Zoning Board of Appeals of the Town of Hempstead (hereinafter the ZBA) granted the applications temporarily until July 11, 2012, with conditions. In 2009, the petitioner applied for another use variance to convert the remaining office on the first floor into two residential apartments, and for an area variance with respect to the off-street parking requirements. The ZBA denied both of those applications. In December 2012, the petitioner sought rehearing of its 2009 applications, and to renew the use and area variances that had expired on July 11, 2012. After a public hearing held on June 26, 2013, the ZBA, by decisions dated July 22, 2013, denied all of the petitioner's applications. In its findings of fact dated December 4, 2013, the ZBA set

forth its reasoning. Thereafter, the petitioner commenced the instant CPLR article 78 proceeding against David P. Weiss, Chairman, Katuria D'Amato, John F. Ragano, Frank A. Mistero, Joseph F. Pellegrini, and Kimberly A. Perry, constituting the ZBA, to annul the ZBA's determination. In a judgment entered March 2, 2015, the Supreme Court granted those branches of the petition which were to annul so much of the ZBA's determination as denied the petitioner's applications to renew the use and area variances previously granted by the ZBA in 2007, and denied those branches of the petition which were to annul so much of the ZBA's determination as denied the 2009 applications.

" 'Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion' " (*Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d 508, 509 [2012], quoting *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *see Matter of Borrok v Town of Southampton*, 130 AD3d 1024, 1024 [2015]). The rationale for this rule is that " '[l]ocal officials, generally, possess the familiarity with local conditions necessary to make the often sensitive planning decisions which affect the development of their community' " (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004], quoting *Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977]). " 'Therefore, a zoning board's determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary and capricious' " (*Matter of Goodman v City of Long Beach*, 128 AD3d 1064, 1064 [2015], quoting *Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip*, 110 AD3d 876, 877 [2013]; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]).

" '[A] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reasons for reaching a different result on essentially the same facts is arbitrary and capricious' " (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [2001], quoting *Knight v Amelkin*, 68 NY2d 975, 977 [1986] [internal quotation marks omitted]; *see Matter of c/o Hamptons, LLC v Zoning Bd. of Appeals of Inc. Vil. of E. Hampton*, 98 AD3d 738, 739 [2012]; *Matter of Bout v Zoning Bd. of Appeals of Town of Oyster Bay*, 71 AD3d 1014, 1014 [2010]). Where "a zoning board is [considering] an application that is substantially similar to a prior application that had been previously determined, the zoning board is required to provide a rational

explanation for reaching a different result" (*Matter of c/o Hamptons, LLC v Zoning Bd. of Appeals of Inc. Vil. of E. Hampton*, 98 AD3d at 739-740 [internal quotation marks omitted]). "Where, however, a zoning board provides a rational explanation for reaching a different result on similar facts, the determination will not be viewed as either arbitrary or capricious" (*Matter of Waidler v Young*, 63 AD3d 953, 954 [2009]). The zoning board "may refuse to duplicate previous error; it may change its views as to what is for the best interests of the [Town]; [or] it may give weight to slight differences which are not easily discernable" (*id.* at 954 [internal quotation marks omitted]; *see Matter of Josato, Inc. v Wright*, 35 AD3d 470, 471-472 [2006]).

The ZBA's determination denying the petitioner's applications to renew the use variance previously issued in 2007, and for a new use variance, was not illegal, arbitrary, or an abuse of discretion. With respect to renewal of the 2007 variance, contrary to the Supreme Court's determination, the ZBA's findings of fact dated December 4, 2013, provided a rational basis for denying the petitioner's application. The ZBA found, among other things, that the petitioner failed to demonstrate "unnecessary hardship" in accordance with Town Law § 267-b (2) (b). The fact that the ZBA previously temporarily approved the same application in 2007 did not relieve the petitioner of its evidentiary burdens in demonstrating "unnecessary hardship" for purposes of renewal of the use variance, or for purposes of seeking an additional use variance. As the ZBA determined, the petitioner failed to show, based on competent financial evidence, i.e., by dollars and cents proof, that it cannot yield a reasonable rate of return absent the requested use variances (*see* Town Law § 267-b [2] [b] [1]; *Matter of Hejna v Board of Appeals of Vil. of Amityville*, 105 AD3d 843, 845 [2013]; *see also Matter of Village Bd. of Vil. of Fayetteville v Jarrold*, 53 NY2d 254, 256 [1981]).

Similarly, the ZBA's determination denying the petitioner's applications to renew the area variance previously issued in 2007, and for a new area variance, was not illegal, arbitrary, or an abuse of discretion. The ZBA properly considered the benefit to the petitioner if the variances were granted as weighed against the detriment to the neighborhood by such grant (*see* Town Law § 267-b [3] [b]). The ZBA's findings that the area variances were substantial and would adversely impact the nearby residential neighborhood by creating a "disruptive additional demand for on-street parking in the residential area to the south" of the property was rational and supported by the record.

In light of our determination, we need not reach the parties' remaining contentions.

Based on the foregoing, the Supreme Court should have denied the petition in its entirety. Rivera, J.P., Balkin, Barros and Connolly, JJ., concur.