■ In the Matter of Evan Daniel Bray, Appellant, v Town of Yorktown Zoning Board of Appeals et al., Respondents. [56 NYS3d 246]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Yorktown dated December 12, 2013, which, after a hearing on the application of the respondent Faith Bible Church for zoning variances, inter alia, determined that a variance was not required in order to park vehicles in the front yard of a property owned by the Faith Bible Church, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered December 19, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Yorktown (hereinafter the ZBA) dated December 12, 2013, which, after a hearing on the application of the respondent Faith Bible Church (hereinafter the Church) for zoning variances, inter alia, determined that a variance was not required in order to park vehicles in the front yard of a property owned by the Church. The Supreme Court denied the petition and dismissed the proceeding, and the petitioner appeals.

"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an

abuse of discretion" (*Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals*, 144 AD3d 903, 904 [2016]; *see Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515, 515 [2006]). While there is a well-recognized exception to this rule where the question is one of pure legal interpretation of statutory terms (*see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 419 [1996]; *Matter of 7-Eleven, Inc. v Town of Huntington*, 140 AD3d 889, 890 [2016]; *Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d 154, 160 [2009]), this exception does not apply in the instant case, as the ZBA's determination that parking vehicles in the front yard of the Church's property was permitted as a "residential use" within the meaning of section 300-183 (B) of the Town of Yorktown Zoning Code, was, to a great extent, fact-based (*see Matter of East Hampton Indoor Tennis Club, LLC v Zoning Bd. of Appeals of Town of E. Hampton*, 83 AD3d 935 [2011]). Affording the ZBA's determination appropriate deference, we cannot say that its determination of this issue was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 421 [1998]; *Matter of East Hampton Indoor Tennis Club, LLC v Zoning Bd. of Appeals of Town of E. Hampton*, 83 AD3d at 938).

The petitioner also contended in the petition that the ZBA's determination should be annulled on the basis that the public notice of the Church's application was defective. However, during his testimony at the administrative hearing held by the ZBA, in response to a direct inquiry from the Chair of the ZBA, the petitioner stated that the application was properly noticed. As the petitioner failed to raise his notice argument before the ZBA, the argument was improperly raised during the CPLR article 78 proceeding (*see Matter of Kaufman v Incorporated Vil. of Kings Point*, 52 AD3d 604, 607 [2008]; *Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328 [2007]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.