Matter of HV Donuts, LLC v Town of LaGrange Zoning Bd. of Appeals (2019 NY Slip Op 00874)





Matter of HV Donuts, LLC v Town of LaGrange Zoning Bd. of Appeals


2019 NY Slip Op 00874


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-10184
 (Index No. 1464/16)

[*1]In the Matter of HV Donuts, LLC, appellant,
v Town of LaGrange Zoning Board of Appeals, et al., respondents.


Teahan & Constantino LLP, Poughkeepsie, NY (Richard I. Cantor of counsel), for appellant.
Van DeWater & Van DeWater, LLP, Poughkeepsie, NY (Ronald C. Blass, Jr., of counsel), for respondent Town of LaGrange Zoning Board of Appeals.
Bleakley Platt & Schmidt, LLP, White Plains, NY (Matthew G. Parisi and Susan E. Galv o of counsel), for respondent Leemilt's Petroleum, Inc.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (James D. Pagones, J.), dated September 16, 2016. The judgment denied a petition to review a determination of the Town of LaGrange Zoning Board of Appeals dated July 12, 2016, which, after a hearing, confirmed a September 22, 2015, determination of the building inspector, and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs.
Leemilt's Petroleum, Inc. (hereinafter LPI), owned property upon which, until June 3, 2013, its tenant operated a gasoline filling station and convenience store (hereinafter the subject property). These were nonconforming uses under the Zoning Law of the Town of LaGrange (hereinafter the Zoning Law), but, pursuant to section 240-29(B) and (F)(4), the nonconforming uses were permitted provided they were not discontinued. The petitioner owned and operated a Dunkin Donuts franchise at a property across the street.
On June 4, 2013, a fuel delivery tanker truck delivering fuel hit a light pole and spilled approximately 3,000 gallons of gasoline on the subject property. Immediately after the spill, both the gas station and the convenience store at the subject property ceased operation and remediation efforts commenced. Restoration was completed in October 2014; however, when the gas pump system was tested in anticipation of reopening, LPI discovered a significant leak in the pipes between the underground storage tanks and the pumps. Remediation efforts again commenced in response to this second spill.
LPI sought approval to re-open the gas station from the building inspector for the Town of LaGrange. In addition, LPI sought a building permit to upgrade the convenience store building, which had not been damaged by the spill and remediation efforts. In a determination dated [*2]September 22, 2015, the Town's building inspector concluded that LPI was eligible to invoke section 240-29(E) of the Zoning Law, which addressed re-establishment of nonconforming uses after casualties, and granted LPI one year from the date of its letter to re-establish the nonconforming use, subject to all permitting requirements.
The petitioner challenged the building inspector's determination before the Town of LaGrange Zoning Board of Appeals (hereinafter the ZBA), contending that LPI had discontinued its nonconforming use and that, pursuant to Zoning Law § 240-29(E) and (F), it could not re-establish that use. In a July 12, 2016, determination, the ZBA confirmed the building inspector's determination. The petitioner thereafter sought review of the ZBA's July 12, 2016, determination pursuant to CPLR article 78. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
A court may set aside the determination of a ZBA "only where the record reveals illegality, arbitrariness or abuse of discretion" (Matter of Cowan v Kern, 41 NY2d 591, 598; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Corrales v Zoning Bd. of Appeals of the Village of Dobbs Ferry, 164 AD3d 582, 585; Matter of Sclafani v Rodgers, 161 AD3d 1084, 1085; Matter of 278, LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 159 AD3d 891, 892). Thus, where a ZBA's determination has a rational basis in the record, a court may not substitute its own judgment, even where the evidence could support a different conclusion (see Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson, 5 NY3d 236, 241; Matter of Mamaroneck Coastal Envt. Coalition, Inc. v Board of Appeals of the Vil. of Mamaroneck, 152 AD3d 771, 773; Matter of Conway v Van Loan, 152 AD3d 768, 769).
The Town's Zoning Law provides, inter alia, that if a property owner discontinues a nonconforming use of land for a period of one year or more, the owner may not thereafter resume the nonconforming use (see Town of LaGrange Zoning Law § 240-29[F][4]; see also Jones v Town of Carroll, 15 NY3d 139, 143; Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d 127, 135; People v Miller, 304 NY 105, 107). Here, the ZBA's determination included a statement that there was "more to maintaining a gasoline filling station than pumping gas." The ZBA rationally concluded that remediation of the petroleum spills amounted to a continuation of the nonconforming use and that the provisions of Zoning Law § 240-29(F)(4) regarding discontinuation were rationally applied (see Matter of Piesco v Hollihan, 47 AD3d 938, 940; Greentree Realty, LLC v Village of Croton-on-Hudson, 46 AD3d 511, 513).
The ZBA also rationally concluded that because neither casualty affected the convenience store building, Zoning Law § 240-29(E), which requires an owner to obtain a building permit for restoration of buildings damaged by casualty within one year and to complete repairs within two years, did not apply to LPI's remediation efforts. Because the ZBA's determinations involved interpretation of its own zoning ordinances and because its conclusions were supported by the record presented to it, we defer to its conclusions (see Matter of Bray v Town of Yorktown Zoning Bd. of Appeals, 151 AD3d 720, 720-721; Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals, 144 AD3d 903, 904; Matter of Stone Indus., Inc. v Zoning Bd. of Appeals of Town of Ramapo, 128 AD3d 973, 974).
The petitioner's remaining contentions are improperly raised for the first time on appeal (see Matter of Klapak v Blum, 65 NY2d 670, 672; Matter of Bray v Town of Yorktown Zoning Bd. of Appeals, 151 AD3d at 721; Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals, 83 AD3d 711, 713; Matter of Emrey Props., Inc. v Baranello, 76 AD3d 1064, 1067).
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court