Matter of Schweig v City of New Rochelle (2019 NY Slip Op 01778)





Matter of Schweig v City of New Rochelle


2019 NY Slip Op 01778


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-07941
 (Index No. 3676/15)

[*1]In the Matter of Barry Schweig, et al., appellants,
v
City of New Rochelle, et al., respondents.


Neufeld, O'Leary & Giusto, New York, NY (David S. J. Neufeld and Janet Kljyan of counsel), for appellants.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP, White Plains, NY (Denise M. Cossu and Robert J. Ponzini of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action to recover damages for an unconstitutional taking of property, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Barbara G. Zambelli, J.), dated June 1, 2016. The judgment, insofar as appealed from, denied the petition to review a determination of the City of New Rochelle Board of Appeals on Zoning dated November 10, 2015, denying an area variance, and dismissed the proceeding and the cause of action to recover damages for an unconstitutional taking of property.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioners/plaintiffs (hereinafter the petitioners) owned a residential property, which was improved with a home, and an adjacent undeveloped 10,018-square-foot lot in the City of New Rochelle. In 2004, the City established a moratorium on subdivisions in the zone covering the petitioners' properties to consider increasing the lot area required for future improvements on property. Ultimately, the City changed the required lot size for building purposes in the zone where the petitioners' properties were located from 10,000 square feet to 15,000 square feet. However, the amended City Code (Code of the City of New Rochelle § 331-13[C]) provided: "A building permit may be issued for the erection of a one-family residential building on a lot in a one-family residential district which was located in the R1-7.5 or the R1-10 District prior to May 19, 2005, notwithstanding that the lot frontage or lot area of such lot is less than that required for the district in which such lot is located at the time of issuance of the building permit, provided that 1) such lot met the lot frontage and lot area requirements in effect for such lot in the R1-7.5 or R1-10 District, as the case may be, prior to May 19, 2005, and 2) such lot was in different ownership than any other lot or lots contiguous thereto on May 19, 2005, and still is in different ownership as of the date of issuance of the building permit" (emphasis added).
In 2014, the petitioners listed their home and the adjacent lot for sale. In January 2015, the petitioners sold the improved lot, but not the adjacent vacant lot. On May 27, 2015, the petitioners applied for a building permit seeking to construct a new one-family residence on the vacant lot. On July 14, 2015, the City's building department denied the permit, stating that the lot was not compliant with the applicable zoning law as it was smaller than the required 15,000 square feet. On August 13, 2015, the petitioners applied to the City of New Rochelle Board of Appeals on [*2]Zoning (hereinafter BAZ) for an area variance in order to build a house on the now substandard lot. After two days of hearings, the BAZ issued a resolution denying the variance based on the following findings:
"a. The variances sought are substantial in that there was a deficiency of almost five thousand (5,000) square feet of lot area requiring a variance of 33% and in balancing the equities there is no compelling or unique circumstances that weigh in favor of granting the variances required to construct the house over the value of preserving the existing character of the neighborhood.
"b. The evidence demonstrated that there will be an undesirable change to the character of the neighborhood and nearby properties because the applicant is seeking to construct a home on an undersized lot where the City Council determined approximately ten (10) years prior to upzone the neighborhood in keeping with the established character of the neighborhood of larger homes on larger lots. Even though the proposed construction of a single family home in the neighborhood may not be a departure from the surrounding properties, the proposed construction would not be consistent with the property density in the neighborhood, and if the variance was granted, it would produce a uniquely substandard lot with a substantial variance.
"c. The evidence demonstrated that to approve the application would result in an adverse physical and environment effect to the surrounding neighbors as demonstrated by the detailed oral statements from area residents based on personal knowledge.
"d. . . . [C]onsidering the above factors and the balancing test required for an area variance, the evidence weighs heavily in favor of denying the requested variances."
" Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken was illegal, arbitrary, or an abuse of discretion'" (Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509, quoting Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949, 949; see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770-771). "Therefore, a zoning board's determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary or capricious" (Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d 876, 877; see Matter of Sasso v Osgood, 86 NY2d 374, 384; Matter of Chynn v DeChance, 110 AD3d 993, 993-994). "A determination is rational if it has some objective factual basis, as opposed to resting entirely on subjective considerations such as general community opposition'" (Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67, quoting Matter of Halperin v City of New Rochelle, 24 AD3d at 772; see Matter of Luburic v Zoning Bd. of Appeals of Vil. of Irvington, 106 AD3d 824, 825).
In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing "the benefit to the applicant if the variance is granted . . . against the detriment to the health, safety and welfare of the neighborhood . . . by such grant" (General City Law § 81-b[4][b]; see Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612; Matter of Steiert Enters., Inc. v City of Glen Cove, 90 AD3d 764, 766-767; Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach, 79 AD3d 874, 876).
Here, contrary to the petitioners' contentions, the BAZ properly weighed the appropriate factors, and its determination had a rational basis and was not arbitrary and capricious (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612; Matter of [*3]Hargraves v City of Rye Zoning Bd. of Appeals, 162 AD3d 1022; Monte Carlo 1, LLC v Weiss, 142 AD3d 1173, 1175-1176). Significantly, the petitioners were on notice of the upzoning, which took place 10 years prior to when they listed their house for sale and eventually sold their home, and could have included the vacant lot in the sale of the adjacent improved property. Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the CPLR article 78 portion of the matter.
The petitioners failed to establish that the change in zoning constituted an unconstitutional taking without compensation (see Matter of Smith v Town of Mendon, 4 NY3d 1, 16-17; Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington, 87 NY2d 344, 352; Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake, 38 AD3d 545, 547; Matter of Milburn Homes v Trotta 7 AD3d 531, 532). Accordingly, we agree with the Supreme Court's determination to dismiss that cause of action.
SCHEINKMAN, P.J., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court