Matter of O'Connor & Son's Home Improvement, LLC v Acevedo (2021 NY Slip Op 04915)





Matter of O'Connor & Son's Home Improvement, LLC v Acevedo


2021 NY Slip Op 04915


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2018-02013
 (Index No. 8019/16)

[*1]In the Matter of O'Connor and Son's Home Improvement, LLC, respondent, 
v
Esteban Acevedo, et al., appellants.


Robert M. Agostisi, Corporation Counsel, Long Beach, NY (Richard Berrios of counsel), for appellants.
Mark A. Cuthbertson, Huntington, NY (Matthew DeLuca of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach dated August 1, 2016, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Nassau County (James P. McCormack, J.), entered December 19, 2017. The judgment granted the petition, annulled the determination, and directed the Zoning Board of Appeals of the City of Long Beach to issue the requested area variance.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner applied to the Zoning Board of Appeals of the City of Long Beach (hereinafter the ZBA) for an area variance. The petitioner sought to subdivide a 120-foot by 57-foot lot into two 60-foot by 57-foot lots and then construct a single-family home on each lot, which required a variance from the minimum lot size set by the City of Long Beach for the neighborhood of 80 feet by 54 feet. After a hearing, the ZBA denied the petitioner's application for an area variance. The petitioner then commenced this proceeding pursuant to CPLR article 78 to annul the ZBA's determination denying the application for an area variance on the ground that the determination was arbitrary and capricious. In a judgment entered December 19, 2017, the Supreme Court granted the petition, annulled the ZBA's determination, and directed the ZBA to issue the requested area variance. This appeal ensued.
"When a zoning board of appeals makes a determination of whether to grant an area variance to an applicant, the zoning board must weigh the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted" (Matter of D.P.R. Scrap Metal, Inc. v Board of Zoning Appeals of Town of N. Hempstead, 187 AD3d 748, 749; see General City Law § 81-b[4][b]). As "[l]ocal zoning boards have broad discretion in considering applications for area variances" (Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67), "[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613).
"Conclusory findings of fact are insufficient to support a determination by a zoning board of appeals, which is required to clearly set forth how and in what manner the granting of a variance would be improper" (Matter of Gabrielle Realty Corp. v Board of Zoning Appeals of Vil. of Freeport, 24 AD3d 550, 550 [internal quotation marks omitted]). "While scientific or expert testimony is not required in every case to support a zoning board's determination, the zoning board may not base its determination solely upon generalized community objections" (Matter of Greenfield v Board of Appeals of Vil. of Massapequa Park, 21 AD3d 556, 557; see Matter of Cacsire v City of White Plains Zoning Bd. of Appeals, 87 AD3d 1135, 1137). "A decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious," and thus, "[w]here an agency reaches contrary results on substantially similar facts, it must provide an explanation" (Matter of Nicolai v McLaughlin, 163 AD3d 572, 574 [internal quotation marks omitted]).
Here, the ZBA failed to set forth any factual basis in the determination to establish why it was reaching a different result on essentially the same facts as a prior application that had been granted (see id. at 574). Further, in response to the petitioner's submission of expert testimony, the ZBA's findings were merely supported by generalized community opposition and were not corroborated by any empirical data or expert testimony (see Matter of Cacsire v City of White Plains Zoning Bd. of Appeals, 87 AD3d at 1137; Matter of Greenfield v Board of Appeals of Vil. of Massapequa Park, 21 AD3d at 557). Accordingly, the Supreme Court properly concluded that the ZBA's determination was arbitrary and capricious (see Matter of Nicolai v McLaughlin, 163 AD3d at 574).
In light of the foregoing, the petitioner's remaining contention need not be reached.
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court