Matter of Margulies v Town of Ramapo (2024 NY Slip Op 01923)

Matter of Margulies v Town of Ramapo

2024 NY Slip Op 01923

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-00614
 (Index No. 31867/21)

[*1]In the Matter of Harry Margulies, petitioner-respondent,
v
Town of Ramapo, et al., respondents, #4 Eastview, LLC, etc., appellant.

Terry Rice, Suffern, NY, for appellant.
Kevin T. Conway, New City, NY, for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Zoning Board of Appeals of the Town of Ramapo dated May 27, 2021, which, after a hearing, granted an application for an area variance, #4 Eastview, LLC, appeals from a judgment of the Supreme Court, Rockland County (Paul I. Marx, J.), dated January 3, 2022. The judgment, insofar as appealed from, granted that branch of the amended petition which was to annul the determination and annulled the determination.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the amended petition which was to annul the determination is denied, and that portion of the proceeding is dismissed.
Juda Klein is the principal of a limited liability company (hereinafter the applicant) that owns real property on Eastview Road in the Town of Ramapo consisting of a 16,871-square-foot lot. In or about 2016, the applicant applied to the Zoning Board of Appeals of the Town of Ramapo (hereinafter the ZBA) for area variances. The applicant sought to construct a two-family residence with an accessory apartment on the lot, but local regulations, inter alia, only permitted such structures within the applicable zoning area on 20,000-square-foot lots (see Code of Town of Ramapo §§ 376-41, 376-31, 376-32). In September 2016, the ZBA granted the application to the extent of permitting the applicant to construct the proposed two-family residence with the condition that it not include an accessory apartment.
In 2020, after the two-family residence was constructed, the applicant applied to the ZBA for an area variance in order to construct an accessory apartment within one of the two existing family units of the residence. During a subsequent public hearing, the applicant's counsel asserted, among other things, that Klein's father-in-law had recently died and that Klein hoped to construct the accessory apartment to provide his mother-in-law with a place to live near her daughter, who would reside in the primary unit. The petitioner, the owner of a nearby property, objected to the application, as did other local residents. The ZBA thereafter voted unanimously to grant the application and issued a determination dated May 27, 2021, granting the application and explaining its reasoning.
The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review the ZBA's determination. In a judgment dated January 3, 2022, the Supreme Court, among other things, granted that branch of the amended petition which was to annul the determination and annulled the determination. The applicant appeals.
"[T]he responsibility for making zoning decisions has been committed primarily to quasi-legislative, quasi-administrative boards composed of representatives from the local community. Local officials, generally, possess the familiarity with local conditions necessary to make the often sensitive planning decisions which affect the development of their community" (Matter of Cowan v Kern, 41 NY2d 591, 599). "Local zoning boards [therefore] have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was affected by an error of law, arbitrary and capricious, or an abuse of discretion" (Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d 729, 730). "A determination of a zoning board should be sustained upon judicial review if it has a rational basis and the record contains sufficient evidence to support the rationality of the determination" (id. at 730 [internal quotation marks omitted]). "A determination is rational if it has some objective factual basis" (Matter of Duke v Brosnan, 206 AD3d 652, 653). "Where supporting evidence exists, a court may not substitute its own judgment for that of a zoning board, even if a contrary determination is itself supported by the record" (id. at 653).
Procedurally, "[a] zoning board of appeals is not constrained by the rules of evidence and may conduct informal hearings" (Matter of Stein v Board of Appeals of Town of Islip, 100 AD2d 590, 590; see Matter of Von Kohorn v Morrell, 9 NY2d 27, 32; Matter of FCFC Realty LLC v Weiss, 192 AD3d 683, 684-685). Since the strict rules of evidence do not apply to zoning board proceedings, hearsay evidence may be considered (see Matter of FCFC Realty LLC v Weiss, 192 AD3d at 684-685; Matter of Stein v Board of Appeals of Town of Islip, 100 AD2d at 590; Matter of Kenyon v Quinones, 43 AD2d 125, 128-129). Moreover, "[a] decision of [a zoning board] which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious, and thus, [w]here [a board] reaches contrary results on substantially similar facts, it must provide an explanation" (Matter of O'Connor & Son's Home Improvement, LLC v Acevedo, 197 AD3d 1112, 1114 [internal quotation marks omitted]). "The zoning board may refuse to duplicate previous error; it may change its views as to what is for the best interests of the [Town]; [or] it may give weight to slight differences which are not easily discernable" (Matter of Monte Carlo 1, LLC v Weiss, 142 AD3d 1173, 1176 [internal quotation marks omitted]). Finally, as with any "CPLR article 78 proceeding, the [c]ourt's review" of a zoning board's determination "is limited to the arguments and record adduced" at the administrative level (Matter of Kaufman v Incorporated Vil. of Kings Point, 52 AD3d 604, 607). Therefore, an argument raised for the first time in a CPLR article 78 proceeding should not be considered by a reviewing court (see Matter of McFadden v McDonald, 204 AD3d 672, 675; Matter of Bray v Town of Yorktown Zoning Bd. of Appeals, 151 AD3d 720, 720-721).
Contrary to the petitioner's contention, the ZBA's determination granting the applicant's application had a rational basis (see Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d at 730). The ZBA adequately explained its rationale for reaching a different result on the accessory apartment question on the instant application than it did in its 2016 determination on the prior application (see Matter of O'Connor & Son's Home Improvement, LLC v Acevedo, 197 AD3d at 1114). In addition to Klein's desire to provide his mother-in-law with a place to live, the ZBA also reasoned that the Town's "housing needs" had grown since 2016 due to population growth and that granting the application was one way to "accomodat[e]" those needs (see Matter of Monte Carlo 1, LLC v Weiss, 142 AD3d at 1176). The petitioner does not contend that the ZBA acted improperly in relying in part upon the Town's housing needs. Moreover, contrary to the petitioner's assertion, the ZBA was permitted to rely upon hearsay evidence in finding that Klein sought to use the proposed accessory apartment for his mother-in-law (see Matter of FCFC Realty LLC v Weiss, 192 AD3d at 684-685; Matter of Stein v Board of Appeals of Town of Islip, 100 AD2d 590; Matter of Kenyon v Quiones, 43 AD2d at 128-129). In any event, the Supreme Court improperly considered the petitioner's argument relating to the sufficiency of that evidence, which was raised for the first time in this proceeding (see Matter of Bray v Town of Yorktown Zoning Bd. [*2]of Appeals, 151 AD3d at 720-721).
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court