Matter of Kreger v Town of Southold Zoning Bd. of Appeals (2024 NY Slip Op 04321)

Matter of Kreger v Town of Southold Zoning Bd. of Appeals

2024 NY Slip Op 04321

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-02769
 (Index No. 608410/21)

[*1]In the Matter of Michael Kreger, appellant, 
v
Town of Southold Zoning Board of Appeals, et al., respondents.

Stephen F. Kiely (Perillo Hill LLP, Sayville, NY [Timothy Hill], of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (Scott J. Kreppein of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Southold Zoning Board of Appeals dated April 2, 2021, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (George Nolan, J.), dated March 7, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the Town of Southold Zoning Board of Appeals for further proceedings in accordance herewith.
The facts of this case are more fully set forth in our decision and order on a related appeal (see Matter of Kreger v Town of Southold, ____ AD3d ____; decided herewith). In December 2020, after the Town of Southold Building Department denied the petitioner's application for an amended building permit to, inter alia, finish part of the space located above the second story of a house, the petitioner applied to the Town of Southold Zoning Board of Appeals (hereinafter the ZBA) for an area variance to permit this construction. After a hearing on the petitioner's application for a variance, in a determination dated April 2, 2021, the ZBA denied the application. Among other things, the ZBA determined that the petitioner's act of finishing the floor of the space partially located within the roof framing of the house meant that the space was no longer a half story as defined by Code of the Town of Southold (hereinafter Town Code) former § 280-4 and that the petitioner's requested variance was substantial. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination denying his application for a variance. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"Local zoning boards have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was affected by an error of law, arbitrary and capricious, or an abuse of discretion" (White Birch Circle Realty Corp. v DeChance, 212 AD3d 729, 730; see CPLR 7803[3]; Matter of Bray v Town of Yorktown Zoning Bd. of Appeals, 151 AD3d 720, 720).
Here, the ZBA's determination was affected by an error of law, as, for the reasons set forth in the related appeal (see Matter of Kreger v Town of Southold, ____ AD3d ____), the ZBA misinterpreted the definition of "Story, Half" contained in Town Code former § 280-4. Accordingly, we grant the petition, annul the ZBA's determination, and remit the matter to the ZBA for further proceedings consistent with our holding herewith and in the related appeal.
CONNOLLY, J.P., WOOTEN, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court