Matter of Cagnazzi v Southold Town Zoning Bd. of Appeals (2025 NY Slip Op 07300)

Matter of Cagnazzi v Southold Town Zoning Bd. of Appeals

2025 NY Slip Op 07300

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-09725
 (Index No. 601323/21)

[*1]In the Matter of Robert Cagnazzi, respondent,
v
Southold Town Zoning Board of Appeals, appellant.

Devitt Spellman Barrett, LLP, Smithtown, NY (Scott J. Kreppein of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Southold Zoning Board of Appeals dated December 23, 2020, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated October 7, 2022. The judgment granted the petition, annulled the determination, and remitted the matter to the Town of Southold Zoning Board of Appeals for further proceedings.
ORDERED that the judgment is affirmed, without costs or disbursements.
In July 2020, the petitioner obtained a building permit from the Town of Southold Building Department (hereinafter the Building Department) to demolish an existing single-family dwelling and construct a 2½-story house on certain real property located in the hamlet of Cutchogue. The building permit authorized the construction of an unfinished half story above the second story of the house. The Building Department thereafter denied the petitioner's application for an amended permit to allow him to use the half story for an office and home gym, based upon a finding that the proposed amendment constituted the impermissible creation of a third story in a residential zone that allowed residences with a maximum of 2½ stories. The petitioner appealed to the Town of Southold Zoning Board of Appeals (hereinafter the ZBA) for an area variance to permit this construction.
After a hearing, in a determination dated December 23, 2020, the ZBA upheld the Building Department's determination based upon its finding that any finished area with habitable space may not be deemed a "half story" regardless of whether it otherwise comported with the Code of the Town of Southold (hereinafter Town Code) definition of "Story, Half." The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. In a judgment dated October 7, 2022, the Supreme Court granted the petition, annulled the ZBA's determination, and remitted the matter to the ZBA for further proceedings. This appeal ensued.
"Local zoning boards have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was affected by an error of law, arbitrary and capricious, or an abuse of discretion" (Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d 729, 730; see CPLR 7803[3]; Matter of Bray v Town of Yorktown Zoning Bd. of Appeals, 151 AD3d 720, 720).
Here, the ZBA's determination was affected by an error of law, as the ZBA misinterpreted the definition of "Story, Half" contained in Town Code former § 280-4 (see Matter of Kreger v Town of Southold Zoning Bd. of Appeals, 230 AD3d 784, 784-785; Matter of Kreger v Town of Southold, 230 AD3d 781). Accordingly, we affirm the judgment appealed from. On remittal, the ZBA should determine whether the proposed amended building permit comported with the dimensional requirements of a "Story, Half" as defined in Town Code former § 280-4.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court