Matter of 1925 Grandview, Inc. v Southold Town Zoning Bd. of Appeals (2025 NY Slip Op 07296)

Matter of 1925 Grandview, Inc. v Southold Town Zoning Bd. of Appeals

2025 NY Slip Op 07296

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-09726
 (Index No. 615503/20)

[*1]In the Matter of 1925 Grandview, Inc., et al., respondents, 
vSouthold Town Zoning Board of Appeals, appellant.

Devitt Spellman Barrett, LLP, Smithtown, NY (Scott J. Kreppein of counsel), for appellant.
Moore Law Group, Southold, NY (William D. Moore of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Southold Zoning Board of Appeals dated September 18, 2020, which, after a hearing, denied the petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated October 7, 2022. The judgment granted the petition, annulled the determination, and remitted the matter to the Town of Southold Zoning Board of Appeals for further proceedings.
ORDERED that the judgment is affirmed, without costs or disbursements.
In January 2020, the Town of Southold Building Department denied the petitioners' application for a building permit for an "as built" area consisting of a sitting area, bedroom, and bathroom, located above the second story of a home located on certain real property in Orient, based upon a finding that the subject area constituted an impermissible third story in a residential zone that allowed residences with a maximum of 2½ stories. The petitioners appealed to the Town of Southold Zoning Board of Appeals (hereinafter the ZBA) for an area variance to permit an 11% deviation from the permissible dimensional requirements of a half story as defined in the (former) Code of the Town of Southold (hereinafter Town Code).
After a hearing, in a determination dated September 18, 2020, the ZBA denied the petitioners' application for an area variance based upon its finding that the variance requested was substantial. Although the petitioners contended that they sought a variance to permit an 11% deviation from the dimensional requirements, the ZBA found that the petitioners sought, in effect, 100% relief from the Town Code, which the ZBA determined did not permit any habitable space within a "half story," regardless of whether it otherwise comported with the Town Code definition of "Story, Half." The petitioners then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. In a judgment dated October 7, 2022, the Supreme Court granted the petition, annulled the ZBA's determination, and remitted the matter to the ZBA for further proceedings. This appeal ensued.
"Local zoning boards have broad discretion in considering variance applications, and [*2]judicial review is limited to determining whether the action taken by the board was affected by an error of law, arbitrary and capricious, or an abuse of discretion" (Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d 729, 730; see CPLR 7803[3]; Matter of Bray v Town of Yorktown Zoning Bd. of Appeals, 151 AD3d 720, 720).
Here, the ZBA's determination was affected by an error of law, as the ZBA misinterpreted the definition of "Story, Half" contained in Town Code former § 280-4 (see Matter of Kreger v Town of Southold Zoning Bd. of Appeals, 230 AD3d 784, 784-785; Matter of Kreger v Town of Southold, 230 AD3d 781). Accordingly, we affirm the judgment appealed from. On remittal, the ZBA should address the merits of the petitioners' request for a variance from the dimensional requirements of a "Story, Half" as defined in Town Code former § 280-4.
The ZBA's remaining contention is without merit.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court